UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-81378-CIV-DAMIAN

**ANDRES EVANGELISTA ANASTASIO,**
on behalf of himself as an individual
and on behalf of others similarly situated,

    Petitioner,

v.

**KRISTI NOEM, in her official capacity as Secretary of Department of Homeland Security, Pam BONDI, in her official capacity as U.S. Attorney General; and Todd M. LYONS, in an official capacity as Acting Director of Immigration and Customs Enforcement (ICE),**

    Respondents.
_____/

## ORDER FOLLOWING HEARING ON PETITION

**THIS CAUSE** is before the Court following a Motion Hearing held on January 6, 2026, during which the Court addressed Petitioner, Andres Evangelista Anastasio's ("Petitioner"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition"), filed November 4, 2025. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 11 ("Response")].

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised. The undersigned also heard argument from the parties, through counsel, at the January 6th hearing.

## I.     BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See* generally, Pet., Resp.

In brief, Petitioner is a native and citizen of Mexico who is currently detained by Immigration and Customs Enforcement ("ICE") at the Miami Federal Detention Center. ECF No. 1, at 48. He entered the United States approximately 10 years ago without inspection at an unknown date and location and has remained in the country since that time. *Id.* at 44.

On July 9, 2025, Petitioner was encountered by U.S. Customs and Border Protection following a traffic stop conducted by the Florida Highway Patrol. ECF No. 11, p. 3. After determining that Petitioner was unlawfully present in the United States, ICE took him into custody. *Id.* On July 10, 2025, ICE issued a Warrant for Arrest of Alien (Form I-200) and a Notice of Custody Determination (Form I-286), placing Petitioner in detention pending removal proceedings. *Id.*

On August 7, 2025, Petitioner requested a custody redetermination hearing before the Executive Office for Immigration Review ("EOIR"). *Id.* Following that hearing, the Immigration Judge declined to rule on custody, stating that additional guidance was required regarding whether Petitioner was an applicant for admission under the Immigration and Nationality Act ("INA") § 235. *Id.* On August 13, 2025, the Department of Homeland Security ("DHS") initiated removal proceedings by filing a Notice to Appear with the EOIR. *Id.* Petitioner was charged with inadmissibility under INA § 212(a)(6)(A)(i) as an alien present in the United States without having been admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.*

Petitioner sought a second custody redetermination on August 18, 2025. *Id.* at p. 4. On August 29, 2025, the Immigration Judge granted the request and ordered Petitioner released on a $5,000 bond. ECF No. 1, at 50. DHS reserved appeal and filed a Notice of Intent to Appeal Custody Redetermination (Form EOIR-43), which automatically stayed the Immigration Judge's bond order. ECF No. 11, p. 4. As a result, Petitioner was unable to post bond. *Id.*

On September 9, 2025, DHS filed a motion to reconsider the Immigration Judge's bond order. *Id.* The Immigration Judge granted the motion on September 11, 2025. *Id.* On September 12, 2025, the Immigration Judge denied Petitioner's request for custody redetermination, concluding that the court lacked jurisdiction to conduct a bond hearing under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.*

On November 10, 2025, ICE cancelled the previously issued Form I-286, asserting that it had been improvidently issued because Petitioner was subject to mandatory detention under INA § 235(b)(2)(A). ECF No. 11, p. 3.

Petitioner's removal proceedings remain pending before the immigration court. ECF No. 11, p. 5. A hearing is scheduled with the Immigration court on January 8, 2026, at 10:00 a.m.

In Petition before this Court, Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in Petitioner's circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See* ECF No. 1. Respondent, on the other hand, argues that the immigration judge is bound by the BIA

decision in *Matter of Hurtado* and that Petitioner is an alien seeking admission who is governed by the provisions of § 1225(b) and subject to mandatory detention. *See* Resp.

The parties appeared before the undersigned on January 6, 2026, to be heard on the Petition. *See* ECF No. 17.

## II.    DISCUSSION

As set forth and further detailed on the record at the hearing, this Court agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369 *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

## III.    CONCLUSION

Accordingly, for the reasons set forth above and on the record at the January 6, 2026 hearing, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. It is further

**ORDERED** that on or before **January 20, 2026**, Petitioners shall file a Joint Status Report informing the Court of whether Petitioner was given a bond hearing, if so, the outcome of Petitioner's bond hearing, and the status of matters relevant to the Petition. It is further

**ORDERED** that this Court retains jurisdiction to address matters that may arise with respect to the Petition. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant order and until further Order of this Court.

To the extent this Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 7th day of January, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record